UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>   Plaintiff,<br> v.<br>DENTON,<br>   Defendant. | Case No. 06-cr-00501-HSG-1<br><br>**ORDER DENYING MOTION FOR TEMPORARY RELEASE FROM CUSTODY**<br><br>Re: Dkt. No. 78 |
| USA,<br>   Plaintiff,<br> v.<br>DENTON,<br>   Defendant. | Case No. 19-cr-00440-HSG-1<br><br>Re: Dkt. No. 33 |

Pending before the Court is Defendant Curtis Denton's motion for temporary release from custody. *See* Dkt. No. 33.[1] According to the motion, Mr. Denton's son died in a car accident on June 29, 2020, and he seeks to be released for two days to attend the funeral services. *Id.* Understanding the gravity and time-sensitive nature of the circumstances, the Court directed Mr. Denton to supplement his request, on an expedited basis, with legal authority, including the applicable statute and any supporting case law that would permit the requested temporary relief. *See* Dkt. No. 37. However, Mr. Denton acknowledged that he could not identify any such authority. *See* Dkt. No. 38.

The Court understands that Mr. Denton is in a unique position: he is currently in the

---

[1] Unless otherwise stated, all docket numbers in this order refer to Case No. 19-cr-0440.

1  custody of the United States Marshal Service at Santa Rita Jail, awaiting placement at a Bureau of
2  Prisons ("BOP") facility.  *See* Dkt. No. 28 at 2–3.  Mr. Denton correctly notes that under 18
3  U.S.C. § 3622(a)(2), BOP may release a prisoner to "attend[] a funeral of a relative."  *See* Dkt. No.
4  38.  However, the statute does not grant the Court jurisdiction to order such temporary release.
5  Mr. Denton appears to recognize this limitation, explaining that he is also seeking relief from BOP
6  and the United States Marshal Service.  *See id.*; *see also* 28 C.F.R. § 570.31(b) (explaining that
7  "Sentenced inmates housed in contract facilities are not eligible to participate in the Bureau's
8  furlough program under these rules, but may apply for furloughs as specified in that facility's
9  written agreement with the Bureau" and that "Inmates who are U.S. Marshals prisoners housed in
10 contract facilities are not eligible to participate, but must direct any furlough requests to the U.S.
11 Marshals").

12  In the absence of a statute granting the Court authority to temporarily release a defendant
13 after he has been sentenced, the Court finds that it lacks jurisdiction to order the temporary release
14 Mr. Denton requests, and accordingly **DENIES** the motion.  The Court offers its condolences to
15 Mr. Denton and his family for the tragic loss of his son.

16  **IT IS SO ORDERED.**

17 Dated: July 8, 2020

18 _____
19 HAYWOOD S. GILLIAM, JR.
   United States District Judge